BLUEMEL LAW OFFICE
Joseph B. Bluemel
Wyoming Attorney Registration No. 5-2427
P.O. Box 47
Kemmerer, WY  83101
Telephone: 307-877-9091
Facsimile:  307-877-9092
E-mail: jbluemel@bluemellaw.com

Attorney for Victor Mikhaylovich Pinchuk

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 NOV 6 PM 12 40

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| IN RE APPLICATION OF )<br>Victor Mikhaylovich Pinchuk )<br>Pursuant to 28 U.S.C. § 1782 )<br>For Judicial Assistance in )<br>Obtaining Evidence in this District )<br>_____ ) | Case No.  13-CV-251-J |

### *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 AND INCORPORATED MEMORANDUM OF LAW

Applicant, Victor Mikhaylovich Pinchuk ("Pinchuk" or the "Applicant"), respectfully submits this Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782 (the "Application") seeking discovery from Ferrost LLC ("Ferrost"), a Wyoming Limited Liability Company.

Ferrost resides or can otherwise be found in this District. Applicant requests the discovery for use in two foreign proceedings against Applicant's business partners, Igor Valeryevich Kolomoisky ("Kolomoisky") and Gennadiy Borisovich Bogolyubov ("Bogolyubov") and companies owned and/or controlled by Kolomoisky and/or Bogolyubov: (i) a civil action (consisting of multiple petitions) in the Republic of Cyprus (the "Cyprus Court Actions") that are pending , and (ii) a pending arbitration in the London Court of International Arbitration (the "London Arbitration" and together with the Cyprus Court Actions, the "Foreign

Proceedings"). In the London Arbitration, Applicant seeks damages as a result of Kolomoisky's and Bogolyubov's misappropriation of business opportunities, self-dealing transactions and failure to distribute profits to Applicant in violation of the parties' agreements and understandings. In the Cyprus Court Actions, Applicant's investment companies are seeking injunctive relief to protect investments in Cypriot holding companies that Kolomoisky and Bogolyubov are dissipating or transferring to the detriment of the Applicant.

As set forth below, the requested discovery meets the requirements of 28 U.S.C. § 1782, as well as the factors set forth by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-247 (2004). Ferrost has information that is highly relevant to the claims asserted in the Foreign Proceedings.

## FACTUAL BACKGROUND

### I. THE RELEVANT PARTIES

Pinchuk is a Ukrainian citizen who resides in Ukraine. Kolomoisky is a dual citizen of Ukraine and Israel, who currently resides in Switzerland. Bogolyubov is a Ukrainian citizen who resides in England. Kolomoisky and Bogolyubov have been business partners since the late 1980s, together owning a number of different types of businesses, including extensive interests in the ferroalloy business. Pinchuk also owns extensive interests in the ferroalloy business.

In November 2006, after lengthy negotiations, Pinchuk, Kolomoisky, Bogolyubov, and others agreed to pool their respective interests, as well as all future acquisition opportunities, in the ferroalloy[1] business in Ukraine and elsewhere. For purposes of this Application, the accumulation of these ferroalloy interests in numerous Cypriot entities is hereinafter referred to as "Ferroalloy Holding." Ferroalloy Holding is not a separate corporate entity, has no juridical

---

[1] Ferroalloys are iron alloys with a high proportion of other elements that are used to make steel.

existence, and the term is used in this Application for convenience. The parties further agreed to share in the profits of the ferroalloy business (which included any future acquisition opportunities) in proportion to their respective interests in Ferroalloy Holding. According to the parties' agreements and understandings, Kolomoisky and Bogolyubov together currently hold a 50% interest in Ferroalloy Holding, and Pinchuk currently holds a 25% interest.[2]

## II. BASIS FOR DISPUTE BETWEEN PINCHUK AND KOLOMOISKY AND BOGOLYUBOV

Kolomoisky and Bogolyubov have violated the various agreements and understandings relating to Ferroalloy Holding, causing Pinchuk and his investment companies significant monetary damages. *See* Ex. A at ¶ 16 (Declaration of Henry Forbes Smith) *and* Ex. B at ¶ 13 (Declaration of Alexandros Tsirides). In the London Arbitration, Pinchuk seeks damages as a result of Kolomoisky's and Bogolyubov's:

(1) failure to offer Pinchuk opportunities to participate, in proportion to Pinchuk's interest in Ferroalloy Holding or otherwise, in ferroalloy industry assets subsequently acquired by Kolomoisky and/or Bogolyubov;

(2) failure to distribute to Pinchuk his share of the profits in the assets of Ferroalloy Holding; and

(3) misappropriation and diversion of profits and assets from Ferroalloy Holding, including through self-dealing transactions, to companies owned and/or controlled by Kolomoisky and Bogolyubov, including Ferrost.

In the Cyprus Court Actions, investment companies owned by the Applicant (the "Cyprus Petitioners") have asserted statutory claims against the Cypriot ferroalloy asset holding companies that comprise Ferroalloy Holding, in which the Cyprus Petitioners are minority

---

[2] The remaining 25% interest in Ferroalloy Holding is currently held by three other partners from whom no relief is sought in the Foreign Proceedings. All references to the ownership interests in Ferroalloy Holding are as of the end of 2011 through the present date. (The parties' respective ownership interests in Ferroalloy Holding have varied between 2006 and 2011.)

shareholders. The Cyprus Petitioners are seeking the winding up and liquidation of these holding companies in order to preserve and protect:

(1) ferroalloy assets which Bogolyubov and/or Kolomoisky acquired without offering participation to Pinchuk through his interest in Ferroalloy Holding or otherwise; and

(2) ferroalloy assets and profits which Bogolyubov and Kolomoisky are dissipating or transferring to the detriment of the Applicant.

### III.  FERROST LLC

Ferrost is a corporate resident of this District. Ferrost is not a named party in either the London Arbitration or the Cyprus Court Actions.

Formed in 2003, Ferrost is an active Wyoming Limited Liability Company in good standing with a registered agent located at 78 Jasmine Street, Casper, WY 82604. Ferrost is known to be involved (or to have been involved) in shipments of ferromanganese products from Ukraine to the United States, and to have listed a Wyoming address at 1210 South Walnut Street, Casper, WY 82601 on documentation for these shipments. Ferrost is believed to be controlled and/or beneficially owned by Kolomoisky and Bogolyubov or their interests.

Applicant believes that Ferrost is owned and/or controlled by Kolomoisky and/or Bogolyubov through formal and informal corporate structures designed to operate Kolomoisky's and/or Bogolyubov's interests in the ferroalloy business. Pinchuk should have been offered an opportunity to participate in Ferrost or its assets, through his interest in Ferroalloy Holding. Ferrost is among the companies in the ferroalloy industry from which Kolomoisky and Bogolyubov are alleged to have illegally diverted ferroalloy assets and profits from Ferroalloy Holding. Ferrost has financial and other information relating to the diversion of ferroalloy assets and profits in which Pinchuk has an interest; accordingly, discovery from Ferrost is highly relevant to the claims that are being litigated in Cyprus and London. *See* Ex. A at ¶¶ 17-18

(Declaration of Henry Forbes Smith) *and* Ex. B at ¶¶ 20-21 (Declaration of Alexandros Tsirides).

## **RELIEF REQUESTED**

The Applicant seeks the following information in the possession, custody and control of Ferrost, including electronically-stored information ("ESI"), as defined in the Federal Rules of Civil Procedure.

I. **DOCUMENTS**

    (1)    The articles of incorporation, by-laws, minutes, board materials, and resolutions of Ferrost, including any amendments thereto;

    (2)    An organizational chart or documents sufficient to show the directors and officers of Ferrost, both at the time of incorporation and presently;

    (3)    A chart of or documents sufficient to show the corporate parents, subsidiaries, and any affiliates for Ferrost, both at the time of incorporation and presently;

    (4)    Documents showing how Ferrost and has been capitalized during the period of January 1, 2006 to the present;

    (5)    Documents showing the identity of any shareholder, member or beneficial owner of Ferrost, both at the time of incorporation and presently;

    (6)    Documents reflecting non-privileged communications by Ferrost with Kolomoisky or Bogolyubov or any agent of Kolomoisky or Bogolyubov regarding the ferroalloy business;

    (7)    Documents regarding the ferroalloy business and referring to Ferroalloy Holding, Pinchuk, EastOne Group Ltd., Interpipe, Mikhail Iosifovich Spektor ("Spektor"), Mikhail Viktorovich Voevodin ("Voevodin"), or Alexander Mikhaylovich Babakov ("Babakov");[3]

---

[3] As discussed in the Declaration of Alexandros Tsirides, Messrs. Spektor, Voevodin and Babakov are business partners who participate in the Ferroalloy Holding. *See* Ex. B at ¶¶ 6-8 (Declaration of Alexandros Tsirides). Although Spektor is named as a nominal Respondent in the London Arbitration, Pinchuk does not assert breach of contract claims against Spektor in connection with Ferroalloy Holding. *See* Ex. A at ¶ 7 (Declaration of Henry Forbes Smith).

(8)  Quarterly and annual financial statements (including Profit and Loss Statements, Balance Sheets, and Statements of Cash Flows) for Ferrost from January 1, 2006 to the present;

(9)  Documents reflecting internal or external valuations, appraisals, liquidation analyses, fairness or solvency opinions, or other documents concerning the value of the assets of Ferrost; and

(10) Documents referring to Chemstar Products LLC; Empire Chemical LLC; Demeter Diversified LLC; Georgian American Alloys, Inc.; Felman Production LLC; Felman Trading LLC; and CC Metals and Alloys LLC.[4]

## II. DEPOSITION TESTIMONY

At this time, the Applicant does not seek deposition testimony. Applicant reserves the right to seek depositions if the document discovery reveals the identity of individuals with knowledge pertinent to the Cyprus Court Actions or the London Arbitration.

## MEMORANDUM OF LAW

### I. THE APPLICATION MEETS ALL OF THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782

28 U.S.C. § 1782 is designed to allow parties to non-U.S. proceedings to take discovery in the United States for use in those non-U.S. proceedings. It provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not

---

[4] All of these entities are U.S. entities believed to be beneficially owned and/or controlled by Kolomoisky or Bogolyubov, affiliated with Ferrost, and involved in the ferroalloy business. See Ex. A (Declaration of Henry Forbes Smith), appending Exhibit 2 at ¶ 77 (Request for Arbitration) and Exhibit B (Declaration of Alexandros Tsirides), appending Exhibit 2 at ¶ 23 (Petition Relating to Alexton Holdings Limited).

prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). Section 1782 allows a "broad range of discovery" so as to "assist foreign tribunals in obtaining relevant information that the tribunals may find useful." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 259, 262 (2004). These statutory requirements are met when:

> (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made,
>
> (2) the discovery is for use in a foreign proceeding before a tribunal, and
>
> (3) the application is made by a foreign or international tribunal or any interested person.

*Republic of Ecuador v. Bjorkman,* 801 F.Supp. 2d 1121, 1123 (D.Colo. 2011) (citing *In re Perez Pallares,* No. 10-cv-02528-PAB, 2010 WL 4193072, at *1 (D.Colo. Oct 20, 2010) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP,* 376 F.3d 79, 83 (2nd Cir. 2004)). The Application meets all of these statutory requirements.

### A. Pinchuk is an "Interested Person"

Pinchuk is an "interested person" within the meaning of § 1782. In *Intel,* the Supreme Court defined an "interested person" under § 1782 to include a litigant in a foreign proceeding. *Intel,* 542 U.S. at 256. An interested person is someone who has a role in submitting evidence and has participation rights in the foreign tribunal, and includes someone who has a "reasonable interest in obtaining judicial assistance." *Id.* Pinchuk is such a person. He is the claimant in the London Arbitration. *See* Ex. A at ¶ 5 (Declaration of Henry Forbes Smith). Pinchuk is also an "interested person" because the Cyprus Petitioners are Pinchuk's investment companies, and the respondents in the Cyprus Court Actions are the Cypriot holding companies that comprise Ferroalloy Holding. *See* Ex. B at ¶¶ 3-8 (Declaration of Alexandros Tsirides). By this

7

Application, Pinchuk seeks to gather evidence and testimony for use in connection with both the Cyprus Court Actions and the London Arbitration.

### B. The Application Seeks Documentary and Testimonial Evidence

The Application requests documentary evidence from Ferrost, satisfying the § 1782 requirement that the request must seek evidence, whether it be the testimony or statement of a person, or the production of a document or other thing. *See Republic of Ecuador,* 801 F.Supp.2d at 1124.

### C. Ferrost LLC is Found in this District

Ferrost is in this District, conducting business through a registered agent in Casper, Wyoming as follows:

Ferrost LLC
78 Jasmine Street
Casper, WY 82604-4039
U.S.A.

Accordingly, Ferrost falls within § 1782.

### D. The Evidence Will Be Used in Proceedings in a Foreign or International Tribunal

#### 1. *The Cyprus Court Actions are foreign proceedings under § 1782*

The Limassol District Court in Cyprus, where the Cyprus Court Actions are pending, is a foreign tribunal under § 1782. The Eleventh Circuit has previously affirmed an order compelling § 1782 discovery in aid of a civil litigation in Cyprus. *Weber v. Finker,* 554 F.3d 1379, 1381 (11th Cir.), *cert. denied* 558 U.S. 816 (2009); *see also In re Bank of Cyprus Public Co. Ltd.,* 2011 WL 223168, at *2 (S.D.N.Y. Jan. 21, 2011). Accordingly, the Cyprus Court Actions are foreign proceedings for which the discovery may be sought.

#### 2. *The London Arbitration is a foreign proceeding under § 1782*

8

The Tenth Circuit is without a definitive ruling on this point. The Eleventh Circuit and courts in this Circuit and others have recognized that proceedings like the London Arbitration fall within § 1782. The London Arbitration is a proceeding filed by Pinchuk before the London Court of International Arbitration (the "LCIA"). As detailed below, the LCIA qualifies as a foreign or international tribunal that is covered by § 1782. Private international arbitral proceedings, like the London Arbitration, constitute a "proceeding" before a "foreign tribunal" under § 1782. *See Republic of Ecuador,* 801 F.Supp. 2d at 1124 ("…the Court more explicitly finds that Section 1782(a)'s requirements are satisfied…; the discovery sought would be used before the treaty arbitration pending at the UNCITRAL tribunal…"); *In re Broadsheet LLC,* Case No. 11-cv-02436-PAB-KMT, 2011 WL 4949864, *1 (D.Colo. Oct. 18, 2011) (granting the application for discovery for an action under the Rules of the Chartered Institute of Arbitrators, London (to be held in Dublin)); *In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.,* 685 F.3d 987, 995 (11th Cir. 2012) (holding that a foreign arbitration panel fell within § 1782's scope).

The LCIA satisfies the factors to be considered. It is a preeminent arbitral body, with authority to hear disputes, weigh evidence, and issue a decision that is binding on the parties. Moreover, its decisions are subject to judicial review. *See* Ex. A at ¶¶ 31-42 (Declaration of Henry Forbes Smith); *see also: In re Application of Rusal Global Mgmt. B.V.,* No. 12-08898-PSG-CW (Dkt. No. 58) (C.D. Ca. Oct. 31, 2013) (granting the Applicant's request for discovery under § 1782 and denying a motion to quash subpoenas in a case involving an LCIA arbitration and a court litigation in Nigeria). Thus, the London Arbitration qualifies as a "proceeding" before a "foreign tribunal" for purposes of § 1782.

### 3. *The requested discovery is relevant to both Foreign Proceedings*

Both the Limassol District Court and the LCIA tribunal can benefit from the discovery that this Application seeks. The documents requested about the beneficial ownership and financial value, assets, and/or capitalization of Ferrost, will assist the LCIA tribunal in adjudicating Pinchuk's breach of contract claims, and also will assist in establishing in the Cyprus Court Actions that Cypriot holding companies that collectively constitute Ferroalloy Holding are subject to liquidation under Cypriot law based on the prejudice caused by Kolomoisky's and Bogolyubov's actions, including their transfer of assets and operation of Ferrost. Ferrost is involved in some way in the ferroalloy business and is an entity in which Pinchuk should have been offered the opportunity to participate, in accordance with the parties' agreements and understandings. Additionally, Ferrost has information of other entities beneficially owned and/or controlled by Kolomoisky and/or Bogolyubov and involved in the ferroalloy industry in which Pinchuk should have been offered the opportunity to participate.

### E. Granting the Application Would Foster the Twin Policy Aims of § 1782

Granting the Application would foster § 1782's "twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252 (internal quotations omitted).[5]

The first aim would be served because, as set forth above, the proposed discovery is narrowly tailored to seek information that is likely to be highly relevant both to the London Arbitration and Cyprus Court Actions. Thus, granting the Application would be an efficient means of assisting a party before foreign tribunals. *See Lancaster Factoring Co. Ltd. v.*

---

[5] These "twin aims" are consistent with the legislative history of § 1782, which "reflects a determination on the part of Congress to broaden the scope of international judicial assistance afforded by the federal courts" and hopefully stimulate reciprocal aid from other countries. *See John Deere*, 754 F.2d at 135 (legislative history of § 1782).

*Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (goals of § 1782, which dates back to 1855, are to provide "equitable and efficacious" discovery procedures in U.S. courts 'for the benefit of tribunals and litigants involved in litigation with international aspects") (quoting S. Rep. No. 1580, 88th Cong., 2d Sess. 2 (1964) ("Senate Report")); *John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 135 (3d Cir. 1985) (noting that a "liberal intent to provide judicial assistance" has been "acknowledged as a primary statutory goal since § 1782's inception").

The second aim would be served because granting the Application would further the exchange of judicial assistance between the United States and both the United Kingdom and Cyprus. *See John Deere*, 754 F.2d at 135 (noting that § 1782 takes into account "considerations of comity and sovereignty that pervade international Law" and that reciprocity is not a requirement for its application). Accordingly, the "twin aims" of § 1782 support granting Pinchuk's Application.

As such, Pinchuk's Application meets all of the statutory requirements for invoking 28 U.S.C. § 1782, this Court has jurisdiction to order Ferrost to provide the requested discovery.

## II. THE COURT SHOULD EXERCISE ITS JURISDICTION UNDER SECTION 1782 AND GRANT THE APPLICATION

Once the Court has determined that the statutory requirements for relief under § 1782 have been met, the Court is vested with the discretion to afford that relief. In *Intel*, the Supreme Court identified the four factors to be used in deciding whether § 1782 relief should be granted:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceedings," because "the need for §1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

>   (3) "whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
>   (4) whether the request is otherwise "unduly intrusive or burdensome."

*Intel*, 542 U.S. at 264-65. Those same factors have been set forth with little or no difference in the published opinion on this matter by a district court within the Tenth Circuit. *See Republic of Ecuador*, 801 F.Supp. 2d at 1123. Whether to permit the requested discovery remains within the discretion of the Court, even if the statutory requirements are met. *Id.* (citing *Intel Corp.*, 542 U.S. at 260). The district court in *Republic of Ecuador* enumerated factors for a Court to consider when deciding whether to permit discovery pursuant to Section 1782 as follows:

>   (1) whether the party from whom discovery is sought is a participant in a foreign proceeding, or already subject to the jurisdiction of the foreign tribunal;
>
>   (2) the nature and character of the foreign proceedings;
>
>   (3) the receptivity of the foreign tribunal to such judicial assistance;
>
>   (4) whether the request is an attempt to circumvent foreign discovery restrictions; and
>
>   (5) whether the request is unduly intrusive or burdensome.

*Id* at 1123-24 (other citations omitted). In addition to meeting the statutory requirements as enumerated above, Ferrost is not a party to the foreign proceedings. The tribunals in the foreign proceedings—litigation in the Cypriot court and arbitration in London—are receptive to U.S. federal court assistance. The documents sought are a good-faith effort to obtain probative evidence, not an attempt to circumvent any foreign proof-gathering restrictions. The discovery requested is not unduly burdensome, as it would be permitted under the Federal Rules of Civil Procedure. Each of these factors supports granting Pinchuk's Application.

### A. Ferrost LLC is Not a Party to the Foreign Proceedings

Ferrost is not a party to the Cyprus Court Actions and is not expected to become a party to that proceeding. Nor is Ferrost expected to become a party to the London Arbitration. Therefore, § 1782 plays a significant role in Pinchuk's ability to obtain discovery from Ferrost regarding Kolomoisky's and Bogolyubov's concealed assets in which Pinchuk may have a legal interest and the existence of which will demonstrate that Kolomoisky and Bogolyubov breached their agreements and understandings with Pinchuk, as he alleges in the London Arbitration. Additionally, the § 1782 discovery will inform the District Court of Limassol with respect to the injunctions that the Cyprus Petitioners seek in the Cyprus Court Actions.

### B. The LCIA and the Cypriot Courts Are Not Hostile to this Application

There is no law, rule of evidence or rule of procedure in the LCIA that prohibits Pinchuk from filing this Application or from seeking and obtaining the discovery requested. *See* Ex. A at ¶ 30 (Declaration of Henry Forbes Smith).

Nor does Cypriot law—which follows an English common law tradition—forbid or restrict this Application and any relevant discovery that may be obtained through this Application. *See* Ex. B at ¶ 22 (Declaration of Alexandros Tsirides).

There is no need for the court to consider admissibility of the evidence being sought by this application in order to permit the domestic discovery being sought for use in these Foreign proceedings. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81-84 (2d Cir. 2012).

### C. The Application Has Not Been Filed to Circumvent Any Law or Rule

On its face, the Application has been interposed for a proper purpose. The Application is the only practical way that Pinchuk has to obtain highly relevant evidence relating to concealed

13

assets controlled by Kolomoisky and Bogolyubov through Ferrost. Absent relief under § 1782, Pinchuk will be deprived of key evidence for use in both the Cyprus Court Actions and the London Arbitration and, indeed, evidence relating to assets in which he has a legal interest.

### D. The Discovery Requests Are Not Unduly Intrusive or Burdensome

Finally, Pinchuk's Application is narrowly tailored to the subject matter of the Cyprus Court Actions and London Arbitration. The information sought is focused, highly relevant and necessary for a fair and just resolution of the underlying matters.

In light of the fact that all factors weigh in favor of granting the requested discovery, Pinchuk respectfully requests that the Court grant his Application.

### III. FERROST LLC SHOULD PRESERVE RELEVANT EVIDENCE

The requested evidence is for use in proceedings that concern the improper concealment of assets. Accordingly, Pinchuk submits this Application on an *ex parte* basis and seeks an order directing Ferrost to preserve the evidence sought. To the extent that Ferrost seeks protection from any of the proposed discovery, it can address those issues in response to the requested discovery or through an appropriate motion. *See, e.g., Phillips v. Beierwaltes*, 466 F.3d 1217 (10th Cir. 2006); *Republic of Ecuador*, 801 F.Supp.2d 1121.

The relevant events took place beginning in 2006 and have continued through to the present, and the Applicant is concerned that some or all of the documentary evidence sought may be lost or jeopardized by Ferrost's document retention and destruction policies or otherwise. To the extent that any of the requested evidence may be discarded or deleted, manually or automatically, Ferrost should be directed to preserve all such potentially relevant evidence. *See In re Setraco Nigeria Ltd.*, No. 3:13-mc-16-32MCR, 2013 WL 1704913, (M.D. Fla. Apr. 19, 2013) (granting application for § 1782 discovery and requiring discovery subjects to preserve

documents and evidence); *In re Application of Nat'l Broadcasting Co., Inc.,* No. M-77, 1997 WL 33442116 (S.D.N.Y. Aug. 1, 1997) (same).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Applicant Victor Mikhaylovich Pinchuk respectfully requests that the Court: (i) grant this Application for Discovery Pursuant to 28 U.S.C. § 1782 with respect to documents requested herein, and order Ferrost LLC to produce said documents within thirty (30) days; (ii) direct Ferrost to duly preserve all evidence related to the subject matter of this Application; (iii) permit the Applicant to issue additional subpoenas fifteen (15) days after filing of Notice of Intent to Serve Subpoena, to any other party residing or found within the District of Wyoming likely to have relevant evidence to be used in the Cyprus Court Actions and/or the London Arbitration; and (iv) permit the Applicant to seek further documents and/or testimony from Ferrost based on documents and information obtained from Ferrost or from any other party in response to any other subpoena issued in connection with this Application.[6]

Dated: Cheyenne, Wyoming
November 6, 2013

Respectfully submitted,

BLUEMEL LAW OFFICE

Joseph B. Bluemel
Wyoming Attorney Registration No. 5-2427
P.O. Box 47
Kemmerer, WY 83101
Telephone: 307-877-9091
Facsimile: 307-877-9092
E-mail: jbluemel@bluemellaw.com

*Attorney for Applicant Victor Mikhaylovich Pinchuk*

---

[6] A Proposed Order is attached hereto as Exhibit C.