FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 JAN 31  AM 11 23

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re Application of Victor Mikhaylovich Pinchuk Pursuant to 28 U.S.C. § 1782 for Judicial Assistance in Obtaining Evidence in this District. | Case No. 2:13–CV–00251–ABJ |

**OPINION AND ORDER GRANTING APPLICATION UNDER 28 U.S.C. § 1782**

Victor Mikhaylovich Pinchuk ("Pinchuk") has filed an application for discovery pursuant to 28 U.S.C. § 1782 ("Application"). [ECF No. 1]. The Court has reviewed his Application and the relevant statutory and case law. For the following reasons, the Court **GRANTS** Mr. Pinchuk's Application.

### BACKGROUND

Mr. Pinchuk is the claimant in a breach of contract action pending before the London Court of International Arbitration ("LCIA") against his business partners Igor Valeryevich Kolomoisky ("Kolomoisky") and Gennadiy Borisovich Bogolyubov ("Bogolyubov"). [*Id.* at 1]. The breach of contract arbitration arises from a dispute regarding a joint venture entered into between Mr. Pinchuk, Mr. Kolomoisky, and Mr. Bogolyubov. [*Id.*]. The alleged joint venture

1

aggregated each individual's holdings in the manganese ore and ferroalloy industry by forming a system of holding companies ("Ferroalloy Holding"). [*Id.* at 1-3]. The LCIA action alleges that Kolomoisky and Bogolyubov misappropriated and diverted profits, assets, and opportunities from Ferroalloy Holding to Mr. Pinchuk's detriment. [*Id.* at 2]. Mr. Pinchuk also independently owns or controls several companies that have instituted a series of similar cases in Limassol District Court in Cyprus ("Cyprus Court Actions") that allege similar breaches of contract and misappropriation of assets. [*Id.* at 3-4, 8].

In connection with both the LCIA Arbitration and the Cyprus Court Actions, Mr. Pinchuk seeks this Court's assistance in obtaining discovery from Ferrost LLC. Ferrost LLC allegedly is a Wyoming limited liability company in good standing that has a registered agent in Casper, Wyoming. [*Id.* at 4, 8]. It has also allegedly been involved in the shipment of ferromanganese products from the Ukraine to the United States, for which it has listed a separate address in Casper. [*Id.* at 4]. Mr. Pinchuk alleges that Ferrost LLC is controlled and/or beneficially owned by Kolomoisky and Bogolyubov, and he alleges that Ferrost LLC has assisted or been a vehicle for Kolomoisky and Bogolyubov to divert ferroalloy products and profits from Ferroalloy Holding. [*Id.*]. Because he suspects Ferrost LLC has been involved in these allegedly unlawful transactions, Mr. Pinchuk believes certain corporate records will assist him in the Cyprus Court Actions and the LCIA Arbitration. He has, therefore, submitted the instant application to this Court.

## DISCUSSION

Mr. Pinchuk submits his Application pursuant to 28 U.S.C. § 1782(a), which provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be

2

> made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

The statutory requirements are met when: (1) the application is made by a foreign or international tribunal or "any interested person"; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the person from whom discovery is sought resides or is found in the district in which the application is filed. *In re Bayer*, 146 F.3d 188, 193 (3d Cir. 1998).

Whether to permit the requested discovery remains within the discretion of the district court, even if all of the statutory requirements are met. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 260-261 (2004). The objective of 28 U.S.C. § 1782 is "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Id.* at 262. The Supreme Court has enumerated several factors for a court to consider when deciding whether to grant a § 1782 application: (1) whether the party from whom discovery is sought is a participant in a foreign proceeding, or already subject to the jurisdiction of the foreign tribunal; (2) the nature and character of the foreign proceedings; (3) the receptivity of the foreign tribunal to such judicial assistance; (4) whether the request is an attempt to circumvent foreign discovery restrictions; and (5) whether the request is unduly intrusive or burdensome. *Republic of Ecuador v. Bjorkman*, 801 F.Supp.2d 1121, 1124 (D.Colo. 2011).

The Court will first examine the statutory requirements and then consider the *Intel* factors. In the instant case, Mr. Pinchuk owns and or controls the various investment companies that have instituted the Cyprus Court Actions. [ECF No. 1 at 3; ECF No. 1-2 at 188]. He, therefore, possesses a reasonable interest in obtaining judicial assistance. *See* Intel Corp., 542 U.S. at 256. Thus, the Court finds that he is an "interested person" under the statute.

Next, Mr. Pinchuk has submitted evidence that the discovery he seeks is "for use in foreign proceedings, including" the Cyprus Court Actions. [ECF No. 1-2 at 186]. The Cyprus Court Actions are clearly "proceedings in a foreign . . . tribunal"; therefore, the second statutory requirement is met. The Court notes that it has reservations as to whether the LCIA Arbitration would separately satisfy the statutory requirement. There seems to be a split between the circuits as to whether private arbitrators fall within or outside the meaning of "foreign or international tribunal." *Compare National Broadcasting Co., Inc. v. Bear Sterns & Co., Inc.*, 165 F.3d 184 (2d Cir. 1999) (private arbitration panel did not qualify as a "foreign or international tribunal"), *and La Comision Ejecutiva Hidroelecctrica Del Rio Lempa v. El Paso Corp.*, 617 F.Supp.2d 481 (S.D.Tex. 2008), affirmed 341 Fed.Appx. 31 (5th Cir. 2009) (arbitral tribunals do not qualify as "foreign or international tribunals" under 28 U.S.C. § 1782), *with Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987 (applying a functional approach to determine whether a private arbitration panel qualifies as a "foreign or international tribunal"). However, the Court will not wade into those waters since the Cyprus Court Actions are sufficient to satisfy the statutory requirement. *See Chevron Corp. v. Berlinger*, 629 F.3d 297, 310-311 (2d Cir. 2011) (litigation and criminal prosecutions in Ecuador "provided an adequate basis for the district court's production order.").

Thirdly, Mr. Pinchuk seeks discovery from Ferrost LLC, which has a registered agent and may otherwise located in this District, specifically in Casper, Wyoming. [ECF No. 1 at 4, 8]. Thus, the Court finds that the statutory factors have been satisfied as to the Applicant's request. Next, the Court will consider the *Intel* factors.

Regarding the first factor, Ferrost LLC is not a participant in the foreign proceedings, nor is there any indication that Ferrost would be subject to Cypriot jurisdiction. Therefore, the evidence here in the District of Wyoming "may be unobtainable absent § 1782(a) aid." *Intel Corp*, 542 U.S. at 264. This consideration also relates to the fourth *Intel* factor in that this application does not seem to circumvent any foreign discovery rules. [*See* ECF No. 1 at 13-14; ECF No. 1-2 at 191].

## CONCLUSION

Based on the preceding analysis, and in light of § 1782's "twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to [U.S.] courts," the Court hereby **GRANTS** Mr. Pinchuk's application, ECF No. 1. *Intel Corp*, 542 U.S. at 252. Accordingly, the Court **ORDERS** as follows:

1. Mr. Pinchuk is authorized to issue and serve subpoenas on Ferrost LLC for the production of the following documents:

   A. The articles of incorporation, by-laws, minutes, board materials, and resolutions of Ferrost LLC, including any amendments thereto;

   B. An organizational chart or documents sufficient to show the directors and officers of Ferrost LLC, both at the time of incorporation and presently;

C. A chart of or documents sufficient to show the corporate parents, subsidiaries, and any affiliates for Ferrost LLC, both at the time of incorporation and presently;

D. Documents showing how Ferrost LLC has been capitalized during the period of January 1, 2006 to the present;

E. Documents showing the identity of any shareholder, member, or beneficial owner of Ferrost LLC, both at the time of incorporation and presently;

F. Documents reflecting non-privileged communications by Ferrost LLC with Mr. Kolomoisky or Mr. Bogolyubov or any agent of either regarding the ferroalloy business;

G. Documents regarding the ferroalloy business and referring to Ferroalloy Holding, Pinchuk, EastOne Group Ltd., Interpipe, Mikhail Iosifovich Spektor, Mikhail Viktorovich Voevodin, or Alexander Mikhaylovich Babkov;

H. Quarterly and annual financial statements (including profit and loss statements, balance sheets, and statements of cash flows) for Ferrost LLC from January 1, 2006 to the present;

I. Documents reflecting internal or external valuations, appraisals, liquidation analyses, fairness or solvency opinions, or other documents concerning the value of the assets of Ferrost LLC; and

J. Documents referring to Chemstar Products LLC; Empire Chemical LLC; Demeter Diversified LLC; Solmex LLC; Georgian American Alloys, Inc.; Felman Production LLC; Felman Trading LLC; and CC Metals and Alloys LLC.

2. Ferrost LLC shall produce the documents requested in their respective subpoenas within thirty (30) days of service of the subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Wyoming.

3. Until further order by this Court, Ferrost LLC shall preserve documents and evidence, electronic or otherwise, in their possession, custody, or control that contain information potentially relevant to the subject matter of the Applicant's document request as listed in this Order. Any evidence produced by Ferrost LLC in response to the subpoenas shall not be filed with this Court absent leave of this Court.

4. Mr. Pinchuk is authorized to seek leave from the Court in order to obtain further documents and/or testimony from Ferrost LLC or from any other party in response to any other subpoena issued in connection with the Application.

Dated this 30th day of January, 2014.

Alan B. Johnson
United States District Judge

7